THE STATE ex rel. ELLA PLUMMER, Appellant. v. FREDERICK D. GARDNER, Governor, et al.

Division Two, October 11, 1921.

1. **COUNTY: St. Louis.** The City of St. Louis is a legal subdivision of the State, and as such has been and should be treated for all governmental purposes as a county.

2. **TAXATION: Classification of Real Estate: In St. Louis.** The State Board of Equalization acts within its constitutional authority when it classifies real estate in the City of St. Louis in the same mannner it classified real estate in the counties of the State.

3. ————: ————: ————: **As Town Lots.** The statute (Sec. 12855, R. S. 1919) directs the State Board of Equalization to "classify all real estate situate in cities, towns and villages as town lots, and all other real estate as farming lands." *Held*, that the owner of a

lot in St. Louis cannot complain of an action of the board increasing the valuation of lands in St. Louis ten per cent and town lots six per cent, since the board had the unquestionable statutory right to add to the valuation of town lots, and if her contention that there was no such thing as lands within the city other than town lots were sustained she would not suffer, the increase on the valuation of her lot being less than that placed on other property classed as lands.

4. **CERTIORARI: Return in Two Days.** *Certiorari* is a remedial writ, and at the instance of a private party may issue only at the sound discretion of the court, but when issued the court may fix such date for answer and return as it deems proper, and there may be circumstances requiring an immediate return. But a writ directed to the State Board of Equalization commanding it to certify up its records altering the valuation of real estate in the City of St. Louis for a certain year, within two days, designates an unreasonably short time; but where the return is made and the board suffered no injury on account of the shortness of the time, its motion that the writ be quashed on the ground that the court was without authority to require so quick a return and abused its process should be overruled.

Appeal from Cole Circuit Court.—*Hon J. G. Slate,* Judge.

AFFIRMED.

*Marion C. Early* for appellant.

(1)   The State Board of Equalization has power to change valuations within counties only by acting uniformly as to the classes of property established by the statute; and has no power to create classes outside of the statutory classes.   State ex rel. v. Vaile, 122 Mo. 33; Mercantile Trust Co. v. Schramm, 269 Mo. 489.   (2) Under the statute there are only two classes of real estate, land in incorporated cities, towns and villages, and land outside of them.   In the City of St. Louis there is no realty of the second class.   The board has no power to make two classes of realty, for purposes of valuation for taxation, in the City of St. Louis.   (3)   No public inconvenience will result from quashing the action

.of the board in attempting this void increase in the valuation of St. Louis realty. The taxbills which have been issued are not void, but are perfectly good on the basis of the valuation made by the local board, before the state board attempted this unwarranted interference. State ex rel. v. Vaile, 122 Mo. 33, 47. (4) The action of the board would increase the valuation of realty in the City of St. Louis over $35,000,000. A substantial injury is threatened to property owners; they have a grievance for which quashing the action of the board is the only practical remedy. (5) Any usurpation of .official power is an attack on the soverignty of the people, and serious as such. Courts will not shrink from dealing with charges showing such usurpation. (6) While the issuance of the alternative writ is discretionary, within limits unnecessary to discuss, yet after it has issued, and the record has been certified, as was done in this case, there is no question of further discretion. It is the duty of the court to decide the case on its merits. State ex rel. v. Guinotte, 156 Mo. 513, 528.

*Jesse W. Barrett*, Attorney-General, and *Merrill E. Otis*, Assistant Attorney-General, for respondents.

(1) Issuance of a writ of *certiorari* is discretionary. An abuse of this discretion will be reviewed. In the instant case the alternative writ should not have issued. The writ should never issue when there has been no substantial injury to the petitioner, when the petitioner's cause is without equity, or when the quashing of proceedings of a governmental department will result in great public inconvenience. (a) The writ is discretionary. 11 C. J. p. 128; State v. Henderson, 160 Mo. 190; State v. Guinotte, 156 Mo. 513. (b) Abuse of discretion will be reviewed. 11 C. J. p. 129; State v. Dobson, 135 Mo. 1. (c) The alternative writ should not have issued because the petitioner was without equity and because the quashing of the proceedings of the board of equalization in the instant case necessarily would result

in great public inconvenience. 11 C. J. p. 130; 5 R. C. L. 254; McAloon v. Commissioners, 22 R. I. 191; State ex rel. v. Gosnell, 61 L. R. A. 50; People v. Commissioners, 40 Mich. 745; People v. Mayor of New York, 5 Barbour (N. Y.) 49; State ex rel. v. Lockhart, 18 Wash. 535; Knapp v. Heller, 32 Wis. 467. (2) Respondents' motion to quash the alternative writ should have been sustained for the reason that the court was without jurisdiction to require a return within two days. *Certiorari,* in the absence of a special statute, is a "suit," subject to the general law governing the time within which return or answer must be made. Summons to answer within a shorter period will be quashed. A qualified return does not waive this point. (a) The law allows not less than fifteen days to answer "suits." Secs. 1182, 1183, 1184, R. S. 1919. (b) *Certiorari* is a suit. 4 Words and Phrases (2 Series) p. 775; Hendrix v. Kellogg, 32 Ga. 435, 437. (c) Absent a special statute (there is none in Missouri) the general law governs time of making return to writ of *certiorari.* 4 Ency. Pl. & Prac., p. 204; Hardin v. Williams, 5 Heisk. (Tenn.) 385. The State Board of Equalization did not exceed its jurisdiction in its order increasing by different percentages "lands" and "town lots," as classified by the assessor of St. Louis City. The statute gives that authority. A statute will not be so construed as to produce an absurd, inequitable or unconstitutional result. The construction contended for by appellant is absurd, inequitable and possibly unconstitutional. (d) A statute will not be given an absurd, inequitable or unconstitutional interpretation, if that can be avoided. (4) The State Board of Equalization had the unquestioned right to raise the valuation on all real estate in St. Louis City. It had the right to raise the valuation of such real estate, including "lands" and "town lots," as classified by the assessor, by six per cent. It did raise this valuation by six per cent. If it had no jurisdiction to put an additional four per cent on the comparatively small item of "lands," as certified by the assessor, the appellant, who owned no "lands," cannot

complain, because not injured. Even if appellant could complain and even if it is admitted that placing the additional four per cent on "lands" was in excess of the jurisdiction of the board, then only that excess, amounting to $734,377.60 is illegal, and not the entire increase amounting to $36,110,758. The order of the board in the instant case shows a clear intention on its part to raise the valuation of real estate in St. Louis City six per cent. This the board had the right to do.

REEVES, C.—On November 5, 1919, pursuant to application for writ of *certiorari* previously filed, the Circuit Court of Cole County issued its alternative writ directed to the officials constituting the State Board of Equalization, commanding said board to certify up its record of certain proceedings previously had concerning the alteration of the valuation of real estate for the year 1919 in St. Louis.

It was the mandate of the writ that return be made thereto on November 7, 1919, or two days after its issuance. On the return day respondents moved to quash the alternative writ on the grounds, first, that the court was without authority to require so quick a return; second, that by requiring so immediate a return our statutes concerning the commencement of actions and the service of process were violated; and, third, that the time to make answer and return was unreasonably short. This motion was overruled and respondents, protesting, made a qualified return, sending up copies of all records involved.

Thereupon relator, appellant here, filed her motion for judgment according to her petition, and the same having been overruled, the court entered judgment dismissing relator's petition.

The proceedings of the State Board of Equalization complained against consisted of a certain resolution altering valuations in St. Louis, and particularly increasing the valuation of lands ten per cent and town lots six per cent.

Relator as the owner of a certain lot in the City of St. Louis challenges the authority of the State Board of Equalization to divide realty in said city into classes for the purposes of valuation, and having acted in excess of its authority, such act, she declares, is void, and as a realty owner her rights are affected.

I. The court very properly dismissed relator's bill. In fact, no writ of *certiorari* should have been issued.

Section 12855, Revised Statutes 1919, directs the State Board of Equalization to "classify all real estate situate in cities, towns and villages as town lots, and all other real estate as farming lands." As a condition precedent there must be laid before the board by the county clerks and the president of the board of assessors of St. Louis abstracts of all the taxable property in the State.

*Classifying Real Estate.*

It will be noted from the above that St. Louis City is treated as a subdivision of this State for the purpose of such returns.

Section 1, Article 9, of the Constitution of Missouri provides that "the several counties of this State, as they now exist, are hereby recognized as legal subdivisions of the State." St. Louis City is a legal subdivision of Missouri, and as such has been and should be treated for all governmental purposes as a county, [Gracey v. St. Louis, 213 Mo. 384; State ex rel. v. Finn, 4 Mo. App. 347.]

In the last cited case the court said regarding the City of St. Louis: "It may be a county so far as to keep up a relation as such to the rest of the State." Again Sections 20, 21, 22, 23, 24 and 25, Article 9, of our State Constitution, deal specifically with the City of St. Louis, and provide for its organization as a subdivision of Missouri. Section 20, Article 9, of the Constitution, provides, among other things, that it "may extend its limits so as to embrace the parks now without its boundaries and other convenient and contiguous territory."

It would be idle to say that real property embraced within the corporate limits of the City of St. Louis as a subdivision of this State must be classed as town lots. For all the purposes of valuations and taxation of property St. Louis is a legal subdivision of the State and should be treated as a county. The State Board of Equalization acted clearly within its rights when it classified real estate there in the same manner that it did the real estate in the counties of the State.

We are unable to see wherein relator, as appellant here, possesses such interest as would entitle her to complain. According to our construction of the statute, the State Board of Equalization had the undisputed right to add to the valuation of town lots, and if her contention should be sustained to the effect that there was no such thing as lands other than town lots in St. Louis, she would not suffer for the reason that the increase on her property was less than that placed on the other property classed as lands.

If any one had the right to complain it would be the persons whose real estate in St. Louis was classed as lands, as the increase fell heaviest there. However, the beneficial interest of relator, not having been challenged below, should not be questioned here.

II.  Respondents have emphasized that their motion to quash the alternative writ should have been sustained. We do not agree that it should have been quashed upon the grounds enumerated in the motion. *Certiorari* is a common law remedial writ, and at the instance of a private party may issue only at the sound discretion of the court. When issued the court may fix such date for answer and return as it may deem proper. The circumstances may require an immediate return or the extraordinary remedy of the writ may be lost. In this case the time was unreasonably short, but as the return was made we have been unable to find where respondents suffered injury, and particularly since the court subsequently corrected its own error by quashing its writ.

*Certiorari.*

Upon the facts in this case, the court below improvidently issued its writ of *certiorari,* and very properly, as was its right, quashed it and dismissed relator's petition. It follows that its action should be and is affirmed. *Railey* and *White, CC,* concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.